The defendant claims that the contract was made in Canada upon property there, and that it was void: 1st, because it was against the policy and laws of Canada; 2d, because the defendant's charter did not authorize the making of such contract.
The Genesee Mutual Insurance Company is a corporation created by the legislative power of this state. Its place of business is in this state, and all the power it has is derived from the law creating it. The laws of one state or nation can have no extra territorial authority. But it does not follow that a corporation created by the laws of one state may not exercise some of its powers in another independent state or nation. This depends, 1st, upon the nature, objects and powers of the corporation; and, 2d, whether the foreign state permits the corporation to act within its limits. (Bank of Augusta v. Earle, 13 Pet., 587, etseq.; Hyde, receiver, v. Goodnow, 3 Comst., 266.)
One important question, which I suppose the parties designed to present to this court, relates to the state of the law in Canada touching insurance there by mutual insurance companies of this state; but this question, in my opinion, is not before us. This was a question of fact for *Page 264 
the referee to find, and he has found that the contract was not contrary to the laws or usage or customs of the Province of Canada, and that the contract was valid by the laws of that province. The laws of a foreign state are the subject of proof in our courts as are other facts. The referee having found as a question of fact that the contract was not contrary to the Canadian laws, this court cannot review his finding. There was evidence upon both sides, and this court has no power to review this question of fact and reverse the judgment upon the ground that the finding of the referee was against the weight of evidence. (Davis v. Allen, 3 Comst., 168, 173; Esterly v.Colc, ib., 502; Borst v. Spelman, 4 id., 284.)
It remains to examine the charter of the defendant and ascertain whether it had power to make the contract in question. The defendant is a mutual insurance company, incorporated for the purpose of insuring, mutually, dwelling-houses, stores, shops and other buildings, household furniture, merchandise and other property, against loss or damage by fire. All persons insuring with the company become members. The mode of effecting insurance, the deposit of a promissory note and the payment of money, are pointed out by the act. The liability of the members is prescribed, and it is declared that "all buildings, insured by said company, together with the right, title and interest of the assured to the lands on which they stand, shall be and are hereby pledged to the said company; and said company shall have a lien thereon, in the nature of a mortgage, to the amount of his deposit note, the lien to take effect whenever the said company shall file with and have entered in the book of mortgages, kept by the clerk of the county where the property is situated, a memorandum of the name of the individual insured, a description of the property, the amount of the deposit note and the term for which the said policy shall continue." (See § 8 of the charterof the Jefferson Co. M. Insurance Co., Laws 1836, p. 42, andwhich is also the *Page 265 defendant's charter, Laws of 1836, p. 318.) The general powers are undoubtedly sufficient to authorize the defendant to make the contract for the insurance of property in Canada. There does not appear to be any limitation upon these general powers, unless the provisions above quoted from section 8th should be construed as a limitation confining the business of the corporation to this state, where the legislature had the power to create a lien upon the real estate of the assured. This view was taken by the learned judges of the court of Queen's Bench in TheGen. Mut. Ins. Co. v. Westman, although I understand the decision in that case to have turned mainly upon another question, viz: That it was against the laws and policy of Canada to permit insurances there by foreign corporations.
It cannot be claimed that the defendant could perfect any lien upon the real estate of a person, insured in Canada or in any state other than New-York. But does it follow that the corporation could not enter into a valid contract, insuring buildings in Canada or other state, although it would not be able to perfect any lien upon such real estate? The corporation is not obliged to cause the lien to take effect here by filing the memorandum. It may be very impolitic and unsafe for a mutual insurance company, located in this state, to insure property in other states, and it may be unjust to the members of the corporation in this state; but I am of opinion that there is no want of power in the corporation to effect such insurance. InHyde, receiver of Chenango county Mut. Ins. Co., v. Goodnow
(3 Comst., 266), the insurance was upon property in Ohio. The action was upon the premium notes; and the defence attempted related to a statute of Ohio, touching insurance upon property in that state by foreign corporations. It was held that the contract was not in violation of the statute of Ohio, and the defendant was held liable. The case is authority for the position in this case, that the contract was made in this *Page 266 
state. But the precise question we are here considering was not raised or discussed.
In my opinion the defendant had power to make the contract, and the judgment should be affirmed.
All the judges were in favor of affirmance
Judgment affirmed.